UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | |
| v. : | File No. 1:14-cv-154-jgm |
| : | |
| $13,731 in U.S. CURRENCY, : | |
| Defendant. : | |
| _____ : | |

RULING ON MOTIONS TO
STRIKE ANSWER AND APPOINT COUNSEL
(Docs. 7, 8)

I.  Introduction

On July 21, 2014, the United States filed a Verified Complaint of Forfeiture in rem against the Defendant, $13,731 in U.S. Currency. (Doc. 1.) The currency was seized because there was probable cause to believe it constituted the proceeds of transactions involving controlled substances, and therefore was forfeitable under 21 U.S.C.§ 881(a)(6). Id.

On September 11, 2014, Karim Chapman's September 9 document "Re: Verified Complaint/Answer," was filed by the Court as an Answer, and his letter requesting appointed counsel was filed as a motion to appoint counsel. See Docs. 6, 7. On September 18, 2014, the government filed a motion to strike the answer, arguing Chapman failed to file a verified claim prior to filing his answer, and opposed the motion to appoint counsel. (Doc. 8.) Pro se Chapman did not respond to the government's motion or further support his request for counsel. For the reasons that follow, the government's motion to strike is DENIED and Chapman's motion to appoint counsel is DENIED.

II.  Motion to Strike Answer

The Civil Asset Forfeiture Reform Act (CAFRA), Pub. L. 106-185, 114 Stat. 202 (2000), consolidated and amended the procedures for civil judicial forfeitures. Included in CAFRA,

18 U.S.C. § 983 provides a claim shall identify and state the claimant's interest in the property and "be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C)(i)-(iii); see also Fed. R. Civ. P. Supp. R. G(5)(a)(i)(A)-(D) (requiring a claim identify the property, identify the claimant and his interest in the property, be signed under penalty of perjury, and be served on the government attorney). Verification -- an "essential element of any claim because of the substantial danger of false claims," United States v. U.S. Currency in the Amount of $103,387.27, 867 F.2d 555, 559 (7th Cir. 1988) -- ensures a claimant places himself "at risk of perjury for false claims," United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 597 (7th Cir. 2000). 18 U.S.C. § 983(a)(2)(D) provides a "claim need not be made in any particular form." Subsection (a)(2)(D) also requires federal agencies conducting forfeitures make claim forms generally available on request. Id. One of the goals of CAFRA was "to increase the due process safeguards for property owners whose property has been seized. United States v. 74.05 Acres of Land, 428 F. Supp. 2d 57, 64 (D. Conn. 2006). "Stated broadly, Congress intended the reforms in CAFRA to operate in a way that increases protections for property owners, while respecting the interests of law enforcement." Id. at 64-65 (internal quotation marks and citation omitted).

The government argues Chapman lacks statutory standing because, "[w]hile [he] did file an answer one day after his deadline for filing a claim,"[1] he failed to file a verified claim asserting his interest. (Doc. 8 at 3-4.) So, the government asserts, Chapman's answer should be stricken because he has failed to file a claim. Id. at 4. If a putative claimant fails to file a verified claim, it is within the Court's discretion to strike the deficient claim. United States v. Funds from Prudential Secs., 300 F. Supp. 2d 99, 103 (D.D.C. 2004).

---

[1] The United States Attorney's Office granted Chapman an extension from August 26 to September 10, 2014, to file a claim. (Doc. 8 at 2.)

Chapman's notarized filing responding to the Verified Complaint states "I Karim Chapman swear under the penalty of perjury that these statements are true." (Doc. 6 at 1.)  The document identifies the $13,371 in U.S. Currency, states it was not illegally obtained, and asserts records of casino winnings "show[] where the money came from." Id.  Further: "I Karim Chapman submit for your consideration and prompt review this verified complaint regarding the subject of the complaint $ the currency $13,731.  And request that the currency be given back to me." Id.  The document concludes: "I have recieved [sic] the verified Complaint of forfeiture by the A.U.S.A. James J. Gelb[er] and deny any and everything that has been stated in this complaint." Id. at 2.

The Court rejects the government's narrow interpretation of Chapman's filing as constituting an answer but not a claim.[2]  See United States v. One Urban Lot, 885 F.2d 994, 999-1000 (1st Cir. 1989) (interpreting a timely verified answer to serve as both a verified claim and an answer under Supp. Rule C(6)).  Chapman identifies the property as the $13,731 in currency, claims the money is his casino winnings, and "swears under the penalty of perjury" that his statements are true.  The filing also denies the allegations of the complaint.

The Court chooses not to follow the First Circuit Court of Appeals' lead of One Urban Lot to accept Chapman's filing docketed as Document 6 as both a verified claim and answer because that case predated CAFRA.  Since Chapman is a pro se potential claimant, and given Congress' intent to increase protections for property owners, the Court will permit Chapman an opportunity to file a claim on the claim form the agency must make available.  See United States v. $39,557.00 in United States Currency, 683 F. Supp. 2d 335, 340 n.1 (D.N.J. 2010) (citing cases that involve "a

---

[2] Even construing the document as an answer, the Court would be inclined to permit Chapman to correct any technical deficiency of the claim.  See United States v. $6,826 in U.S. Currency, No. 1:09-CV-279, 2010 WL 4053602, at *2 (D. Vt. Oct. 14, 2010).

pro se potential claimant whose status warranted relaxation of the rules"). In dealing with asset forfeiture, the Court notes the preference is to resolve actions on the merits. Degen v. United States, 517 U.S. 820, 828 (1996). The government is directed to send a claim form and Certificate of Service to Chapman by certified mail, return receipt requested, and thereafter file the certified mail receipt with the Court. Chapman will be afforded two weeks from that date to file the claim form. The Court will consider Chapman's present filing (Doc. 6) as an answer, so he need not file an additional answer. Accordingly, the government's motion to strike Chapman's answer is denied.

III. Motion to Appoint Counsel

Chapman has filed a document construed as a motion to appoint counsel. (Doc. 7.) The government opposes the motion, asserting there is no statutory provision for the appointment of counsel in a case such as this. (Doc. 8 at 4.) Chapman has not demonstrated he is entitled to appointed counsel and the Court is skeptical that he is entitled to counsel. See 18 U.S.C. § 983(b). Accordingly, Chapman's motion to appoint counsel is denied.

IV. Conclusion

For the above reasons, Chapman's motion to appoint counsel (Doc. 7) is DENIED and the government's motion to strike Chapman's answer (Doc. 8) is DENIED. The government shall assist Chapman by providing a claim form as directed above. Chapman will have two weeks from receipt to file the claim form or the Court will entertain a renewed motion to strike.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of December, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge